## GRIEVANCE COMMITTEE
*vs.*
## EMANUEL H. WALDMANN

Superior Court        Middlesex County        File No. 8730

MEMORANDUM FILED APRIL 16, 1943.

*Thomas C. Flood,* of Middletown, for the Plaintiff.

*Jacob Schwolsky,* of Hartford, for the Defendant.

DALY, J. Emanuel H. Waldmann, herein referred to as the defendant, has been a member of the bar of this State since 1935. He had been a member of the bar of the State of New York since 1930. He had practiced law in New York State before starting the practice here in 1935. He has been a lawyer about 13 years and consequently cannot be

looked upon as a novice in the practice of law. The Grievance Committee of Middlesex County, hereinafter referred to as the plaintiff, filed a presentment against him, alleging that he had been guilty of misconduct involving his character, integrity, and professional standing and conduct. There were specifications in the presentment alleging that in written motions filed in court statements were made by the defendant with the intent of deceiving the court and that said statements were untrue.

In a "Memorandum On Motion To Extend For Filing Request For Finding And Draft Finding" in No. 60835, *The General Auto Sales Co. vs. Capitol Motor Car Co., Inc. et al.,* and No. 60836, *Hoffman Motor Co., Inc. vs. Capitol Motor Car Co., Inc.* (Hon. Edwin C. Dickenson, Judge), the following was stated: "There are circumstances in the case that withhold me from suggesting presentment for misconduct. This memorandum so far as it affects Mr. Waldmann, however, may be considered as a reprimand and warning and may be referred to as such if there is any later occasion to question his conduct at the bar."

In the "Amendment To Answer" it is alleged: "The matter is, therefore, *res judicata* and constitutes a bar to any further proceedings of the relator in this action based on the misconduct alleged in the relator's complaint."

During the hearing counsel were advised that in the opinion of the court the matter was not "*res judicata*" and the defendant testified in his own behalf. A *prima facie* case against the defendant had been established when the plaintiff rested. After the defendant had completed his testimony he had verified and substantiated the claims of the plaintiff. The court must find upon the evidence that the statements made by the defendant in the written motions were untrue. In the Code of Professional Ethics (Preamble) at page 11 of the Connecticut Practice Book (1934) the following appears: "As an officer of the court seeking to ascertain truth, establish justice, and defeat falsehood, and as the representative of the litigant entitled to his just rights, the lawyer cannot perform the duties he undertakes unless he acts in strict obedience to the laws of truth and fidelity. Disregard of these laws necessarily incapacitates the lawyer for the office he holds. Two centuries ago Connecticut first regulated admission to its bar, and then adopted, by a law which has ever since remained in force, a

form of oath promising obedience to the laws of truth and fidelity, the observance of which by every lawyer is the condition of his continuance in office."

The court must and does find that the defendant violated the canon of truth required of the lawyer in relation to the business of the court. After this conclusion was stated by the court at the hearing on the presentment against the defendant the court stated that the really difficult question to determine was the form of disciplinary action to be taken. Counsel were then requested to make suggestions. The State's Attorney, representing the plaintiff, then stated that Judge Dickenson had advised him some time ago that in his opinion the defendant had already been punished sufficiently by the rather widespread publication of the portion of the memorandum on the motion to extend for filing a request for finding and draft finding quoted above. The State's Attorney stated that he then asked Judge Dickenson if in entertaining that view he was aware of the fact that the present defendant had on a prior occasion been presented to the court on a presentment alleging that he had been guilty of conduct involving his character, integrity, and professional standing and conduct and that Judge Dickenson's reply was that he had not been aware of it. The State's Attorney then requested the court to take judicial notice of the matter in the files of the Superior Court for Middlesex County. The presentment was dated January 13, 1937, and after a hearing thereon the present defendant was censured by the court (Hon. Kenneth Wynne, Judge).

It is readily perceived that the present proceeding was initiated and pursued because in the opinion of the Grievance Committee and the State's Attorney the defendant has failed to appreciate his responsibilities, having been previously censured. They believed that it was their duty to present the matter to the court and have. They have done what they felt morally bound to do.

It is clear to me, after considering this matter, that the form of disciplinary action should go beyond that of a mere censure. The respondent Emanuel H. Waldmann, herein previously referred to as the defendant, is suspended for the period from April 17, 1943, up to and including May 15, 1943.